AO 121 (6/90)

| TO: **Register of Copyrights**<br>**Copyright Office**<br>**Library of Congress**<br>**Washington, D.C. 20559** | **REPORT ON THE**<br>**FILING OR DETERMINATION OF AN**<br>**ACTION OR APPEAL**<br>**REGARDING A COPYRIGHT** |
|---|---|

In compliance with the provisions of 17 U.S.C. 508, you are hereby advised that a court action or appeal has been filed on the following copyright(s):

| ☐ ACTION    ☐ APPEAL | COURT NAME AND LOCATION |
|---|---|
| DOCKET NO.                  DATE FILED | |
| PLAINTIFF | DEFENDANT |

| COPYRIGHT REGISTRATION  NO. | TITLE OF WORK | AUTHOR OR WORK |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above-entitled case, the following copyright(s) have been included:

| DATE INCLUDED | INCLUDED BY    ☐ Amendment    ☐ Answer    ☐ Cross Bill    ☐ Other Pleading | |
|---|---|---|
| COPYRIGHT REGISTRATION NO. | TITLE OF WORK | AUTHOR OF WORK |
| 1 | | |
| 2 | | |
| 3 | . | |

In the above-entitled case, a final decision was rendered on the date entered below.  A copy of the order or judgment together with the written opinion, if any, of the court is attached.

| COPY ATTACHED    ☐ Order    ☐ Judgment | WRITTEN OPINION ATTACHED    ☐ Yes    ☐ No | DATE RENDERED |
|---|---|---|
| CLERK | (BY) DEPUTY CLERK | DATE |

**DISTRIBUTION:**

1) Upon initiation of action,
   mail copy to Register of Copyrights

2) Upon filing of document adding copyright(s),
   mail copy to Register of Copyrights

3) Upon termination of action,
   mail copy to Register of Copyrights

4) In the event of an appeal, forward copy to Appellate Court

5) Case File Copy

Rayminh L. Ngo, Esq., NY Bar #rn4834
ray@higbeeassociates.com
HIGBEE & ASSOCIATES
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8350
(714) 597-6729 facsimile
*Counsel for Plaintiff*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTOPHER SADOWSKI,<br><br>                              Plaintiff<br><br>v.<br><br>PETER HIMLER and FLATIRON<br>COMMUNICATIONS, LLC,<br><br><br>                              Defendant(s). | Case No. 2:15-CV-07028-MWF-E<br><br><br>**NOTICE OF VOLUNTARY<br>DISMISSAL WITH PREJUDICE<br>PURSUANT TO F.R.C.P. 41(a)(1)** |

   **PLEASE TAKE NOTICE** that Plaintiff Christopher Sadowski

("Plaintiff"), pursuant to Federal Rule of Civil Procedure 41(a)(1), hereby

voluntarily dismisses this action *with prejudice*.

   Defendant has neither answered Plaintiff's Complaint nor filed a

motion for summary judgment.  Therefore, this matter may be dismissed

without an Order of the Court.

//

Notice of Voluntary Dismissal               1

//

Dated: August 4, 2016                    Respectfully submitted,


                                         /s/ Rayminh L. Ngo
                                         Rayminh L. Ngo, Esq.
                                         NY Bar No. rn4834
                                         HIGBEE & ASSOCIATES
                                         1504 Brookhollow Dr., Ste 112
                                         Santa Ana, CA 92705-5418
                                         (714) 617-8350
                                         (714) 597-6729 facsimile
                                         *Counsel for Plaintiff*


Notice of Voluntary Dismissal          2

## PROOF OF SERVICE

I, the undersigned, say:

I am a citizen of the United States and I am a member of the Bar of this Court. I am over the age of 18 and not a party to the within action.

My business address is 1504 Brookhollow Dr., Ste 112, Santa Ana, California, 92705.

On August 4, 2016, I caused to be served the following document:

**NOTICE OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE PURSUANT TO F.R.C.P. 41(a)(1)**

on all interested parties in this action by placing a true copy thereof enclosed in a sealed envelope as follows:

PETER HIMLER and FLATIRON COMMUNICATIONS, LLC.
443 Dogwood Ln.,
Manhasset, NY 11030

BY CM/ECF NOTICE OF ELECTRONIC FILING: I electronically filed the document(s) with the Clerk of the Court by via the *CM/ECF* system. Participants in this case who are not registered with the *CM/ECF* system will be served by first-class mail or by other means permitted by the Court.

I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on August 4, 2016, at Santa Ana, California.

**/s/ Rayminh L. Ngo**
Rayminh L. Ngo

Notice of Voluntary Dismissal          3

Rayminh L. Ngo, Esq., NY Bar #rn4834
ray@higbeeassociates.com
HIGBEE & ASSOCIATES
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8350
(714) 597-6729 facsimile
*Counsel for Plaintiff*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTOPHER SADOWSKI, | Case No. _____ |
| Plaintiff | |
| v. | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FROM COPYRIGHT INFRINGEMENT** |
| PETER HIMLER and FLATIRON COMMUNICATIONS, LLC, | |
| Defendant(s). | |

Plaintiff, Christopher Sadowski, for his Complaint against Peter Himler and Flatiron Communications, LLC, Defendants, alleges as follows:

### INTRODUCTION

1.     Christopher Sadowski (hereinafter "Plaintiff"), by counsel, brings this action to challenge the actions of Peter Himler and Flatiron Communications, LLC (hereinafter "Defendants"), with regard to the

///

Complaint                                  1

unlawful use of copyrighted image (hereinafter "Image") owned by Plaintiff, and this conduct caused Plaintiff damages.

2.     For the purposes of this Complaint for Damages, unless otherwise indicated, "Defendants" include all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives and insurers of Defendant(s) named in this caption.

## JURISDICTION AND VENUE

3.     This is a civil action seeking damages and injunction relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101, whereby the defendant violated plaintiff's exclusive rights as copyright owner pursuant to 17 U.S.C. §§ 106 and 106A.

4.     This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

5.     This Court has personal jurisdiction over Defendant because Defendant, Peter Himler resides in the State of New York and Defendant has caused caused injury to Plaintiff in his intellectual property within the State of New York.

///

Complaint                                    2

6.     The Court has personal jurisdiction over Defendant, Flatiron Communications, LLC because Defendant's principal place of business is in the State of New York, Defendant is a business incorporated in the State of New York, Defendant's act of infringement complained of herein occurred in the State of New York, and Defendant has caused injury to Plaintiff in his intellectual property within the State of New York.

6.     Venue is proper pursuant to 28 U.S.C. § 1391(b) because the Defendants reside in this judicial district and a substantial part of the events giving rise to Plaintiff's claim occurred in this judicial district. Alternatively, venue is also proper pursuant to 28 U.S.C. § 1400(b) because the Defendants reside, committed the acts of infringement, and have a regular and established place of business in this judicial district.

## PARTIES

7.     Plaintiff is an individual who resides in the City of Clifton, in the State of New Jersey, and is a professional photographer by trade.

8.     Plaintiff is a "copyright owner" who holds "exclusive rights" to his "copyrighted work[s]" pursuant to 17 U.S.C. §§ 101 and 106.

9.     Plaintiff is informed and believes, and thereon alleges, that Defendant, Flatiron Communications, LLC is a business entity operating

///

Complaint                                   3

from the City of New York, in the State of New York, and conducted business within the City of New York, in the State of New York.

10.     Plaintiff is informed and believes, and thereon alleges, that Defendant, Flatiron Communications, LLC is a business entity that unlawfully published Plaintiff's copyrighted works without Plaintiff's express or implied authority, by the method of a license.

11.     Plaintiff is informed and believes, and thereon alleges, that Defendant, Peter Himler is an individual, who in his individual capacity, unlawfully published Plaintiff's copyrighted works without Plaintiff's express or implied authority, by the method of a license.

## FACTUAL ALLEGATIONS

12.      At all times relevant, Plaintiff was an individual residing within the State of New Jersey.

13.     Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendant, Flatiron Communications, LLC was a business entity residing in the State of New York and in this judicial district.

14.     Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendant, Peter Himler was an individual residing in tge State of New York and in this judicial district.

15.     Plaintiff is a professional photographer. He sells or licenses images to people and companies seeking to make use of the photographs for advertisements and pecuniary gain. Plaintiff's livelihood is dependent on receiving compensation for the photographs he produces.

16.     Plaintiff took the original Image; *see* Original Image attached hereto as Exhibit "A".

17.     Plaintiff has ownership and copyrights to the Image.

18.     Plaintiff has registered the Image with the United States Copyright Office under registration number VA 1-942-953.

19.     Plaintiff did not consent to authorize, permit, allow in any manner the use of the Image by Defendants.

20.     Plaintiff is informed and believes that Defendants' willfully used Plaintiff's copyrighted works without his permission and that it published, communicated, benefited through, posted, publicized and otherwise held out to the public for commercial benefit, the original and unique work of Plaintiff without Plaintiff's consent or authority, and acquired monetary gain and market benefit as a result.

21.     Plaintiff is informed and believes that Defendant Flatiron Communications, LLC willfully used the Image on its business website, http://flatironcomm.com/ubers-parisien-predicament/ from November 19,

2015 to on or around January 27, 2016; *see* Screenshots of Defendants' use attached hereto as Exhibit "B".

22.    Plaintiff is informed and believes that Defendant Peter Himler willfully used the Image on the website, Forbes.com from as early as June 25, 2015; *see* Screenshots of Defendants' use attached hereto as Exhibit "C".

23.    Defendants    willfully    used    the    Image    to    promote    the Defendants' business.

24.    Plaintiff did not consent to the use of his Image for commercial gain.

**FIRST CAUSE OF ACTION**

**COPYRIGHT INFRINGEMENT**

**Title 17 of the United States Code Against Defendants**

25.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26.    Plaintiff did not consent to, authorize, permit, or allow in any manner the said use of Plaintiff's unique and original materials and/or work.

27.    Plaintiff is informed and believes and thereon alleges that said Defendants    willfully    infringed    upon    Plaintiff's    copyrighted    works    in

violation of Title 17 of the U.S. Code, in that it published, communicated, benefited through, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique work of the Plaintiff's consent or authority and acquired monetary gain and market benefit as a result.

28.   As a result of each and every Defendants' violations of Title 17 of the U.S. Code, Plaintiff is entitled to actual damages and profits pursuant to 17 U.S.C. §504(b), or statutory damages in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c).

29.   As a result of the Defendants' violations of Title 17 of the U.S. code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C § 505 from Defendant.

30.   Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

///

///

///

///

///

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against

Defendant

- Awarding statutory damages in an amount up to $150,000.00 for

  each infringement pursuant to 17 U.S.C. § 504(c) from Defendant;

- Awarding costs of litigation and reasonable attorney's fees, pursuant

  to 17 U.S.C. § 505 from Defendant;

- Enjoining the Defendant from further infringement of all copyrighted

  works of the Plaintiff pursuant to 17 U.S.C. § 502; and

- Awarding any other relief the Court deems just and proper.

Dated: June 28, 2016                          Respectfully submitted,


                                              /s/ Rayminh L. Ngo
                                              Rayminh L. Ngo, Esq.
                                              NY Bar No. rn4834
                                              HIGBEE & ASSOCIATES
                                              1504 Brookhollow Dr., Ste 112
                                              Santa Ana, CA 92705-5418
                                              (714) 617-8350
                                              (714) 597-6729 facsimile
                                              *Counsel for Plaintiff*

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff Christopher Sadowski, hereby demands a trial by jury in the

above matter.

Dated: June 28, 2016                    Respectfully submitted,


<u>/s/ Rayminh L. Ngo</u>
Rayminh L. Ngo, Esq.
NY Bar No. rn4834
HIGBEE & ASSOCIATES
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8350
(714) 597-6729 facsimile
*Counsel for Plaintiff*

# EXHIBIT A



# EXHIBIT B

 

*rate in Sydney on Monday during an armed hostage crisis that upended the city's central business district. One Uber customer in Sydney described it to Mashable as "almost price gouging at its worst."*

An hour into its "price-gouging" down under, Uber saw the error in its ways and reversed course. Still, the damage was done. In the Bloomberg segment, I purposely chose not to completely castigate this remarkable company, mostly because I was not privy to the facts at the time the decisions were being made.



*An Uber car in NYC. (Photo/Christopher Sadowski)*

(PR pundits have an unfortunate tendency to second guess crisis managers without knowing the factors that informed the beleaguered company's actions.)

Still, I missed an opportunity to share with Bloomberg TV's Cory Johnson one observation that I believe continues to hamper Uber's expansionist aspirations to this day – a day when

Newspapers Getting Their Game On

Startups Shine At Web Summit

The Home of Guinness Gets Geeky

Threats Create Dilemma for SXSW Organizers

Type and press enter to search.

FOLLOW ME ON  RebelMouse

## Tweets

 Follow

 **Peter Feld** 1h
@peterfeld

What a disgrace to NY that Ds
@RepKathleenRice @RepStevelsrael
@RepSeanMaloney voted to slam door on
#SyrianRefugees
pic.twitter.com/xd93nOiYuV

🔁 Retweeted by Peter Himler

| Coward's Name | Coward's Number | Coward's Twitter |
|---|---|---|
| Aguilar, Pete (CA) | 202-225-3201 | @RepPeteAguilar |
| Ashford, Brad (NE) | 202-225-4155 | @RepBradAshford |
| Bera, Ami (CA) | 202-225-5716 | @RepBera |
| Bishop, Sanford D. (GA) | 202-225-3631 | @SanfordBishop |
| Brownley, Julia (CA) | 202-225-5811 | @juliabrownley26 |
| Bustos, Cheri (IL) | 202-225-5905 | @RepCheri |
| Carney, John (DE) | 202-225-4165 | @JohnCarneyDE |

Flatiron Communications LLC

The Flack

## Uber's Parisian PRedicament

# EXHIBIT C

The Potholes on Uber's Road to World Domination
















because I was not privy to the facts at the time the decisions were being made. (PR pundits have an unfortunate tendency to second guess crisis managers without knowing the factors that informed the beleaguered company's actions.)

*An Uber car in NYC. (Photo/Christopher Sadowski)*

Still, I missed an opportunity to share with Bloomberg TV's Cory Johnson one observation that I believe continues to hamper Uber's expansionist aspirations to this day – a day when hundreds of taxi drivers in Paris took to the streets overturning cars and setting fires to protest Uber in that city. From Mashable Megan Specia in her piece "Chaos in